**United States District Court**
**Southern District of New York**
_____

**UNITED STATES OF AMERICA**

       - against -                               07 Cr. 305 (JGK)

**FRANCISCO SANDOVAL,**                **MEMORANDUM OPINION AND**
                                                       **ORDER**
                **Defendant.**
_____

**JOHN G. KOELTL, District Judge:**

    The defendant Francisco Sandoval has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c) based on recent amendments to the United States Sentencing Guidelines that lowered the sentencing ranges for offenses involving crack cocaine.

    A court may modify the term of a sentence already imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. 3582(c)(2). As a general matter, "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) [which include the reduction in the crack cocaine Guideline],

1

the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10(a)(1). However, "[a] reduction in [a] defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The Supreme Court has recently explained that § 3582(c)(2) proceedings are not governed by United States v. Booker, 543 U.S. 220 (2005), and therefore, the Sentencing Commission's policy statement as announced in U.S.S.G. § 1B1.10 is binding on the Court. See Dillon v. United States, 130 S. Ct. 2683, 2692-93 (2010).

In this case, the Court adopted the Guidelines range based on the Career Offender Guideline pursuant to U.S.S.G. § 4B1.1, finding an offense level of 31, a criminal history category of six, and a Guidelines sentencing range of 188 to 235 months. See Apr. 17, 2009 Tr. at 17. The Court then downwardly departed to an offense level of 25, a criminal history category of five, and a Guidelines sentencing range of 100-125 months, pursuant to § 4A1.3(b)(1), § 5K2.0, and United States v. Mishoe, 241 F.3d 214(2d Cir. 2001) and its progeny. See Apr. 17, 2009 Tr. at 17-21; see generally Mishoe, 241 F.3d at 219 ("[W]e believe that the Court would be entitled on remand to consider whether to

2

make a departure based on an individualized consideration of factors relevant to an assessment of whether CHC VI 'significantly over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes.'" (alteration omitted) (quoting U.S.S.G. § 4A1.3)). This Court then varied downward based on the factors enumerated in 18 U.S.C. § 3553(a), and imposed a sentence of 72 months' incarceration. See Apr. 17, 2009 Tr. at 21-23. There is nothing in the sentencing transcript that indicates that Sections 2D1.1 or 1B1.10, which were amended by the recent crack cocaine amendments, were applied in this case. However, the defendant's counsel did argue that the court should grant a downward variance pursuant to the § 3553(a) factors because "it would be an unreasonable sentence to, in any way, follow that [crack/powder cocaine] ratio." See Apr. 17, 2009 Tr. at 11-12.

The first issue is whether Sandoval is eligible for a reduction in sentence. In a line of cases beginning in 2009, the Court of Appeals for the Second Circuit explained that "a defendant who was designated a career offender but ultimately explicitly sentenced based on a Guidelines range calculated by Section 2D1.1 of the Guidelines is eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2) and the crack amendments." United States v. McGee, 553 F.3d 225, 230 (2d Cir. 2009) (per

3

curiam). "In McGee, the sentencing court made clear at the original sentencing hearing that it had departed downwards from the career offender guideline range 'to the level that the defendant would have been' if he had not been designated a career offender based on its conclusion that the defendant's criminal history was insufficiently extensive to warrant that designation." United States v. Swint, 442 F. App'x 614, 616 (2d Cir. 2011) (summary order) (quoting McGee, 553 F.3d at 227). By contrast, when a defendant's sentence is "not based on a Guidelines range that has been 'subsequently . . . lowered' by the Sentencing Commission," but rather based on the § 4B1.1 Career Offender Guideline, then the defendant is not eligible for a reduced sentence. United States v. Martinez, 572 F.3d 82, 84 (2d Cir. 2009) (per curiam).

The issue under these cases was whether the defendant's ultimate sentence was "based on," or "premised on," a Guidelines range that had been modified. See United States v. Ponder, No. 06 Cr. 481, 2012 WL 1570845, at *2 (S.D.N.Y. May 4, 2012) (citations omitted); see also United States v. Rivera, 662 F.3d 166, 177 (2d Cir. 2011) ("If a subsequently-lowered guideline 'was a relevant part of the analytic framework the judge used to determine the sentence,' the relevant statutory and Guidelines provision require that a § 3582(c)(2) proceeding be available . . . ." (citation omitted)). Under these cases, which apply to

4

the current application,[1] the Guidelines range that the Court initially determined to be applicable was not necessarily the relevant Guidelines range for § 3582(c) purposes. See id. at 179-180.

However, even if Sandoval were eligible for resentencing, a modification of Sandoval's sentence is not appropriate in this case. In this case, the Court downwardly departed from the sentencing range provided by the Career Offender Guideline to a sentencing range that was lower than the Guidelines range that would have applied if the sentence had been based on the crack Guideline. Indeed, the Court departed to a sentencing range

---

[1] The Sentencing Commission recently amended § 1B1.10 to define 'applicable guideline range' as the range determined at sentencing "before consideration of any departure provision in the Guidelines Manual or any variance," abrogating the law in this Circuit. U.S.S.G. § 1B1.10 App. Note 1(A); see, e.g., Swint, 442 F. App'x at 617 n.* ("This Amendment may preclude sentencing modifications of the sort approved in McGee and in this appeal."); see also 76 Fed. Reg. 41,332, 41,334 (July 13, 2011) ("[T]he amendment adopts the approach of the Sixth, Eighth, and Tenth Circuits and amends Application Note 1 to clarify that the applicable guideline range referred to in 1B1.10 is the guideline range determined pursuant to 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance."). This amendment went into effect on November 1, 2011. Id. The defendant's current motion was filed in October, 2011. Therefore, the recent amendments, which would have the effect of foreclosing Sandoval's eligibility for a reduction in sentence because the Court initially determined that the career offender guideline applied, do not apply in this case. See Rivera, 662 F.3d at 183-84 ("[B]ecause the amendments to § 1B1.10, which abrogate the law of this and certain other circuits, are substantive, rather than merely clarifying, they cannot fairly be applied retroactively to Rivera's § 3582(c)(2) proceeding on remand." (citation omitted)).

that is lower than the sentencing range that would apply under the new crack amendments. The Court then downwardly varied to a sentence that was more than 25% below the Guidelines sentencing range after the departure. The Court's determination of the sentence in this case, based on the § 3553(a) factors, is not affected by the changes to Guidelines range for crack offenses, and the Court would not have imposed a different sentence had those amendments been in effect at the time of Sandoval's sentencing. Accordingly, a reduction is Sandoval's sentence would not be warranted in the event that the Court had the discretion to order one. Sandoval's motion for a reduction in sentence is therefore **denied**.

**The Clerk is directed to close Docket No. 48.**

**SO ORDERED.**

Dated: New York, New York
May 9, 2012

John G. Koeltl
United States District Judge